IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) |
| v. | ) ) |
| SCOTT MEDICAL HEALTH CENTER, P.C., | ) ) ) |
| Defendant. | ) ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (male) to provide appropriate relief to Dale Baxley. As alleged with greater particularity in paragraphs 11(a) through (h) below, the Commission alleges that Defendant subjected Baxley to a sexually hostile work environment perpetuated by Defendant's telemarketing manager, Robert McClendon. Defendant constructively discharged Baxley as a result of the intolerable working conditions and Defendant's failure to take prompt and effective action to prevent or alleviate it.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times Defendant Scott Medical Health Center, P.C. ("Defendant"), a Pennsylvania professional corporation, has continuously been doing business in the Commonwealth of Pennsylvania and the City of Pittsburgh, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Parties Libby Eber, Brittany Fullard, Allyssa Griffie, Donna Mackie and Kaitlyn Wieczorek filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. During the course of its investigation of the aforementioned charges of discrimination, the Commission uncovered the violations of Dale Baxley's rights under Title VII that are reflected in paragraphs 11(a) through (h) of this Complaint.

7. On July 22, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated, including the violations of Dale Baxley's rights under Title VII that are reflected in paragraphs 11(a) through (h) of this Complaint, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 15, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. Since at least May 2013, Defendant has engaged in unlawful employment practices at its Pittsburgh, Pennsylvania facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

(a) Dale Baxley is a gay male. He was previously employed by Defendant in a telemarketing position.

(b) At all relevant times, Robert McClendon was the Telemarketing Manager for Defendant, a supervisor with authority to hire and fire employees who reported to him. Defendant is vicariously liable for his harassing conduct.

(c) Defendant has engaged in sex discrimination against Baxley by subjecting him to a continuing course of unwelcome and offensive harassment because of his sex (male). Such harassment was of sufficient severity and/or pervasiveness to create a hostile work environment because of his sex (male).

(d) From at least mid-July 2013 until on or about August 19, 2013, Robert McClendon routinely made unwelcome and offensive comments about Baxley, including but not limited to regularly calling him "fag," "faggot," "fucking faggot," and "queer," and making statements such as "fucking queer can't do your job." McClendon directed these harassing comments at Baxley at least three to

four times each week.

(e) From at least mid-July 2013 until on or about August 19, 2013, McClendon routinely made other unwelcome and offensive sexual comments to Baxley. For instance, upon learning that Baxley is gay and had a male partner (and to whom he is now married), McClendon made highly offensive statements to Baxley about Baxley's relationship with the partner such as saying, "I always wondered how you fags have sex," "I don't understand how you fucking fags have sex," and "Who's the butch and who is the bitch?"

(f) From at least mid-July 2013 until on or about August 19, 2013, McClendon frequently screamed and yelled at Baxley.

(g) On or about August 19, 2013, Defendant constructively discharged Baxley because of his sex (male). Baxley reported McClendon's sex discriminatory behavior to Defendant's president, Dr. Gary Hieronimus, but Hieronimus expressly refused to take any action to stop the harassment. Baxley resigned in response to Defendant's creation of, and refusal to discontinue, a sexually hostile work environment. Defendant knowingly created and permitted working conditions that Baxley reasonably viewed as intolerable and that caused him to resign.

(h) McClendon's aforementioned conduct directed at Baxley was motivated by Baxley's sex (male), in that sexual orientation discrimination necessarily entails treating an employee less favorably because of his sex; in that Baxley, by virtue of his sexual orientation, did not conform to sex stereotypes and norms about males to which McClendon subscribed; and in that McClendon objected generally to males having romantic and sexual association with other males, and objected

specifically to Baxley's close, loving association with his male partner.

12. The effect of the practices complained of in paragraphs 11(a) through (h) above has been to deprive Baxley of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex.

13. The unlawful employment practices complained of in paragraphs 11(a) through (h) above were intentional.

14. The unlawful employment practices complained of in paragraphs 11(a) through (h) above were done with malice or with reckless indifference to Baxley's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sex-based harassing conduct and other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities based on sex, and which ensure that its operations are free from the existence of a sexually hostile work environment.

C. Order Defendant to make Baxley whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

D. Order Defendant to make Baxley whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

paragraphs 11(a) through (h) above, such as debt-related expenses, job search expenses, medical expenses and other expenses incurred by Baxley, which were reasonably incurred as a result of Defendant's conduct, in amounts to be determined at trial.

    E.    Order Defendant to make Baxley whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 11(a) through (h) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Baxley punitive damages for its malicious and reckless conduct described in paragraphs 11(a) through (h) above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*/s/* DEBRA M. LAWRENCE
REGIONAL ATTORNEY

EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2734
(410) 962-4270 (facsimile)

*[signature]*

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2737
(410) 962-4270 (facsimile)
ronald.phillips@eeoc.gov

*[signature]*

DEBORAH A. KANE
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 92531
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
(412) 395-5866
(412) 395-5749 (facsimile)
deborah.kane@eeoc.gov