IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  *Plaintiff*,  v.  SCOTT MEDICAL HEALTH CENTER, P.C.,  *Defendant*. | Civil Action No. 2:16-cv-00225 |

**MOTION OF LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES Lambda Legal Defense and Education Fund, Inc. ("Lambda Legal"), and hereby respectfully moves this Court for leave to file the attached brief as *amicus curiae* in opposition to Defendant's motion to dismiss. In support thereof, proposed *amicus* states as follows:

1. Founded in 1973, Lambda Legal is the nation's oldest and largest legal organization committed to safeguarding and achieving the full recognition of the civil rights of lesbian, gay, bisexual, and transgender ("LGBT") people and people living with HIV through impact litigation, education, and policy advocacy.

2. Lambda Legal has served as counsel of record or *amicus curiae* in some of the most important cases regarding the rights of LGBT people and people living with HIV. *See*, *e.g.*, *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015); *United States v. Windsor*, 133 S. Ct. 2675 (2013); *Lawrence v. Texas*, 539 U.S. 558 (2003); *Bragdon v. Abbott*, 524 U.S. 624 (1998); *Romer v. Evans*, 517 U.S. 620 (1996).

3. The issues before the Court are of acute concern to Lambda Legal and the community it represents, who stand to be directly impacted by the Court's ruling. LGBT people face staggering levels of employment discrimination, and calls for legal help in this area are consistently among the most numerous that Lambda Legal receives. This includes inquiries from lesbian and gay employees experiencing discrimination as a result of their sexual orientation. Lambda Legal can provide substantial expertise and a broader perspective on the issues before the Court.

4. As such, Lambda Legal has extensive expertise with respect to one of the central issues presented by the parties—the application of laws barring discrimination "because of . . . sex" to lesbians and gay men—and believes that additional briefing will be of assistance to the Court. Lambda Legal has striven to ensure employment fairness for LGBT people by serving as counsel of record or *amicus curiae* in litigation regarding coverage of discrimination against LGBT individuals under federal law. *See*, *e.g.*, *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75 (1998) (*amicus*); *Zarda v. Altitude Express, Inc.*, No. 15-3775 (2d Cir.) (*amicus*); *Hively v. Ivy Tech Community College*, No. 15-1720 (7th Cir.) (counsel); *Evans v. Georgia Regional Hospital*, No. 15-15234 (11th Cir.) (counsel); *Glenn v. Brumby*, 663 F.3d 1312 (11th Cir. 2011) (counsel); *Roberts v. Clark Cnty. Sch. Dist.*, No. 15-CV-0388 (D. Nev.) (*amicus*); *Hall v. BNSF Ry. Co.*, No. C13- 2160, 2014 WL 4719007 (W.D. Wash. Sept. 22, 2014) (*amicus*); *TerVeer v. Billington*, 34 F. Supp. 3d 100 (D.D.C. 2014) (*amicus*).

5. Whether to permit *amicus* participation is "solely within the broad discretion of the district court." *Waste Mgmt. of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). "A court may grant leave to appear as an amicus if the information offered is 'timely and useful.'" *Id*. (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd mem.*, 782 F.2d 1033

(3d Cir. 1986)). "The Third Circuit has said that 'permitting persons to appear in court . . . as friends of the court . . . may be advisable where third parties can contribute to a court's understanding.'" *Avellino v. Herron*, 991 F. Supp. 730, 732 (E.D. Pa. 1998) (quoting *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir.1987)).[1]

6. The brief tendered by *amicus* meets the above criteria and the Court should exercise its discretion and permit the filing of Lambda Legal's *amicus* brief. The proposed brief does not seek to duplicate the parties' arguments. Instead, *amicus* provides the Court with additional context as to why discrimination on the basis of sexual orientation constitutes discrimination "because of . . . sex."

7. *Amicus* provides a historical perspective on how court pronouncements, like the one in *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257 (3d Cir. 2001), "that Title VII does not prohibit discrimination based on sexual orientation," *id.* at 261, are inconsistent with antecedent and subsequent Supreme Court authority. For example, not only does *Bibby* run counter to the Supreme Court's pronouncement that Title VII was "intended to strike at the *entire spectrum* of disparate treatment of men and women resulting from sex stereotypes." *Price Waterhouse v. Hopkins*, 490 U.S. 228, 251 (1989) (emphasis added), it also ignores the fact that same-sex relationships have now been recognized as constitutionally entitled to the same dignity and respect as any other type of relationship. Accordingly, this Court's analysis should be informed by how an individual's right to marry is protected by the Constitution no matter the race or sex of the person the individual chooses to marry. *See Obergefell*, 135 S. Ct. at 2604; *Loving v. Virginia*, 388 U.S. 1, 12 (1967).

---

[1] Other courts in this district have permitted *amicus* participation. *See, e.g.*, Docket No. 28, *Geneva Coll. v. Sebelius*, No. 12-cv-00207-JFC (W.D. Pa.).

8. In addition, *amicus* addresses how to properly interpret Title VII's prohibition on sex-based discrimination by focusing on its clear statutory language instead of relying upon distorted arguments about congressional inaction. For example, the Court should consider the significance of what provisions were enacted in the Americans with Disabilities Act ("ADA") in 1990, but not included in the Civil Rights Act of 1991. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013); *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). The Court should take note of Congress's failure not to add the 1990 ADA exception for sexual orientation to Title VII coverage in 1991.

9. Finally, *amicus*'s proposed brief also sheds light on how the legal landscape affecting the constitutional rights of lesbians and gay men cautions against the creation of a sexual orientation exception to Title VII's sex discrimination proscription. *See, e.g., Obergefell*, 135 S. Ct. 2584; *Windsor*, 133 S. Ct. 2675; *Lawrence*, 539 U.S. 558.

10. The participation of *amicus curiae* is particularly appropriate where, as here, a case will have significant implications for civil rights protections beyond the immediate parties before the Court and is of general public interest. *See Neonatology Assoc., Inc. v. Comm'r of Internal Rev.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (noting that *amici* may provide "important assistance to the court" when they "explain the impact a potential holding might have on an industry or other group").

11. Therefore, Lambda Legal would "fulfill the classic role of *amicus curiae* by assisting in a case of general public interest, . . . supplementing the efforts of counsel, and drawing the court's attention to law that might otherwise escape consideration." *Funbus Systems, Inc. v. California Public Utilities Com.*, 801 F.2d 1120, 1125 (9th Cir. 1986).

12. Counsel for *amicus* has contacted the parties' counsel concerning the filing of its *amicus* brief. Plaintiff, EEOC, has consented to the filing of the brief. Defendant does not consent to the filing of the brief.

13. The amicus brief has been submitted with this motion along with a proposed order; if this motion is granted there will be no delay in the proceedings.

WHEREFORE, Lambda Legal respectfully requests that the Court grant leave to file the attached *amicus* brief in opposition to Defendant's motion to dismiss.

Dated this 7th day of June, 2016.

Respectfully submitted,

| **KLINE & SPECTER, P.C.** | **LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.** |
|---|---|
| BY: /s/ Tracie L. Palmer<br>DAVID C. WILLIAMS, ESQUIRE*<br>PA ID NO.: 308745<br>TRACIE L. PALMER, ESQUIRE<br>PA ID NO.: 312098<br>1525 Locust Street<br>Philadelphia, PA 19102<br>T: (215) 772-1000 \| F: (215) 772-1359<br>david.williams@klinespecter.com<br>tracie.palmer@klinespecter.com | BY: /s/ Gregory R. Nevins<br>GREGORY R. NEVINS, ESQUIRE*<br>CA ID NO.: 142750 / GA ID NO.: 539529<br>OMAR GONZALEZ-PAGAN, ESQUIRE*<br>MA ID NO.: 678517 / NY ID NO.: 5294616<br>120 Wall Street, 19th Floor<br>New York, NY 10005-3904<br>T: (212) 809-8585 \| F: (212) 809-0055<br>gnevins@lambdalegal.org<br>ogonzalez-pagan@lambdalegal.org |

**\*** *Admission pro hac vice pending.*

*Counsel for Amicus Curiae Lambda Legal Defense and Education Fund, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 7, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy was made available electronically to all electronic filing participants.

                                               **KLINE & SPECTER, P.C.**

                                     BY: */s/ Tracie L. Palmer*_____
                                           DAVID C. WILLIAMS, ESQUIRE*
                                           PA ID NO.: 308745
                                           TRACIE L. PALMER, ESQUIRE
                                           PA ID NO.: 312098
                                           1525 Locust Street
                                           Philadelphia, PA 19102
                                           T: (215) 772-1000 | F: (215) 772-1359
                                           david.williams@klinespecter.com
                                           tracie.palmer@klinespecter.com

Dated: June 7, 2016