# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 16-225 |
| v. | ) ) | Judge Cathy Bissoon |
| SCOTT MEDICAL HEALTH CENTER, P.C., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, the Court finds that Renu Medical and Weight Loss Center, PLLC ("Renu") has failed to show good cause and must comply with Plaintiff's subpoena.

## BACKGROUND

On October 10, 2018, Plaintiff filed a Motion for an Order to Show Cause (Doc. 86), requesting that the Court order Renu to show good cause as to why it should not be compelled to comply with Plaintiff's discovery subpoena, which Plaintiff served on Renu pursuant to Federal Rules of Civil Procedure 69(a)(2) and 45. Specifically, Plaintiff indicated that it sought discovery against Renu in order to assess whether Renu is a successor in interest to Defendant for purposes of enforcing its judgment; however, Renu did not comply with the subpoena or file a motion to quash. (See Mem. in Support of Pl.'s Motion 1-3, Doc. 87.) The Court granted Plaintiff's Motion and ordered Renu to show good cause as to why it should not be compelled to comply with the subpoena. (Order to Show Cause, Doc. 89.) Renu timely responded to the Court's Order to Show Cause. (Docs. 90, 91.)

**ANALYSIS**

Renu argues that the automatic stay in Defendant's bankruptcy proceeding applies to Plaintiff's action to enforce its judgment against Renu, and thus to Plaintiff's ability to subpoena Renu to take discovery. (Mem. in Opp. to Pl.'s Motion 5-6, Doc. 91.) First, Renu contends that actions against a successor in interest[1] to the debtor in a bankruptcy proceeding are subject to the automatic stay. See, e.g., Cedarbrook Plaza v. Gottfried, 1997 U.S. Dist. 8026 (E.D. Pa. June 4, 1997). Renu also contends that the automatic stay bars Plaintiff from taking any actions to enforce its money judgment, as 11 U.S.C. § 362(b)(4) provides that a government enforcement agency's exemption from the automatic stay fails to reach an action to enforce a money judgment. 11 U.S.C. § 362(b)(4) (bankruptcy petition does not stay "an action or proceeding by a governmental unit . . . to enforce . . . [its] police and regulatory power, including the enforcement of a judgment *other than a money judgment*" (emphasis added)).

Plaintiff argues that Renu is not subject to the automatic bankruptcy stay because Renu is not the debtor and the bankruptcy court has not extended the stay to Renu, as required for the stay to apply to third parties whose obligations may impact the debtor during bankruptcy. E.g., In re Conference of African Union First Colored Methodist Protestant Church, 184 B.R. 207, 215 (Bankr. D. Del. 1995). Even if Renu is subject to the stay, Plaintiff argues that it may enforce the nonmonetary portion of its judgment against Renu and take discovery for that purpose. See Penn Terra, Ltd. v. Dept. of Environmental Resources, 733 F.2d 267, 275-78 (3d Cir. 1984) (action by state agency to obtain and enforce injunction requiring debtor to remediate

---

[1] Renu disputes that it is a successor in interest to Defendant, and the Court makes no findings on this matter.

environmental hazards was exercise of police power exempted from automatic stay under 11 U.S.C. § 362(b)(4)).

Renu's argument against complying with the subpoena fails to address Plaintiff's argument that this Court's Judgment (Doc. 81) contains an injunctive component to protect the civil rights of future employees. (See id. at ¶ 1 ("Defendant, its owners, officers, directors, employees, and any successors are **PERMANENTLY ENJOINED** from engaging in any employment practice that discriminates because of sex"); id. at ¶ 2 (requiring ongoing reporting of complaints of sex harassment for the next five years).) The statute, 11 U.S.C. § 362(b)(4), explicitly exempts only the enforcement of money judgments, implying that government agencies retain the power to enforce injunctions against a debtor in bankruptcy. Penn Terra, Ltd., 733 F.2d at 274. Further, the cases that Renu cites to support the application of the automatic stay to third parties rely on the principle that creditors should collectively have access to property brought into the bankruptcy estate by an action against a third party. E.g., St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688, 700-05 (2d Cir. 1989) ("If a claim is a general one . . . [that] could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action . . . . The claims, if proved, would have the effect of bringing the property of the third party into the debtor's estate, and thus would benefit all creditors. It therefore would be illogical to distinguish between this type of claim against a third party and a claim against the debtor."). Government action to enforce an injunction against a third party lacks this quality—if successful, such action does not serve to bring additional property into the debtor's bankruptcy estate or otherwise affect the estate.

Because Plaintiff—a government agency exercising its police and regulatory power—may bring an action to enforce an injunction against a successor in interest to Defendant, Plaintiff must have the ability to subpoena a putative successor in interest for the purpose of assessing whether that entity is a successor. At this juncture, without clarity on Renu's status, there is no need for the Court to address whether the automatic stay would apply to an action against Renu to enforce a money judgment.

\* \* \*

Accordingly, IT IS ORDERED that Renu Medical and Weight Loss Center, PLLC shall comply with Plaintiff's subpoena.

IT IS FURTHER ORDERED that Plaintiff shall promptly serve a copy of this Order upon Renu Medical and Weight Loss Center, PLLC and its counsel.

IT IS SO ORDERED.

October 26, 2018    s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All counsel of record